UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, _____ This document relates to: *Nero v. Wyeth,* C04-137 | MDL NO. 1407 ORDER GRANTING DEFEN- DANT'S MOTION FOR SUMMARY JUDGMENT |

    This matter comes before the court on defendant Wyeth's motion for summary judgment. Having reviewed the briefs filed in support of and opposition to this motion, the court finds and rules as follows.

    Plaintiff Dorothy Nero filed her complaint on November 12, 2003 in the Eastern District of Louisiana, alleging that the stroke she suffered on September 2, 1996 was related to ingestion of the Wyeth-manufactured medication Dimetapp. Wyeth's motion argues that under Louisiana Civil Code Article 3492 the limitations period on Nero's claims is one year, which Nero does not dispute. Wyeth submits deposition testimony wherein Nero admitted that during her stay in the hospital in September 1996, or shortly after her release, she associated her stroke with her ingestion of Dimetapp. Exh. B, Nero Dep. at 64 ("Q: And either

ORDER
Page - 1 -

while you were in the hospital or shortly after you got out of the hospital, in your mind, you associated your stroke with taking the Dimetapp? A: Yes."). Wyeth argues that the statute of limitations began running, if not sooner, at that time. In the alternative, Wyeth submits that the statute began to run at some unspecified date, some four years prior to her February 17, 2005 deposition. According to Nero's testimony, she recalls reading "about four years ago" an article linking the medication she claims to have taken and stroke. *Id.* at 75-76. That article, Wyeth argues, should have triggered, at the very latest, Nero's obligation to file her complaint, which she did not do until at least more than one year later, and possibly as much as three. Indeed, when asked "[w]hen did you first decide to file this lawsuit?" Nero responded, "I think it's been about four years ago." *Id.*

    Plaintiff does not dispute the basic facts. She argues, however, that she should be allowed to avail herself of "*contra non valentem*," Louisiana's discovery rule. The rule provides an exception to the limitations period where, relevantly here, "the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant." *Whitnell v. Menville*, 540 So. 2d 304, 308 (La. 1989). The rule as relied upon here is reserved for the plaintiff "who is ignorant of the existence of facts that would entitle him to bring suit," *Cartwright v. Chrysler Corp.*, 232 So. 2d 285, 287 (1970).

In dispute of defendant's first argument, plaintiff merely asserts in a conclusory and unconvincing fashion that she "did not know of her cause of action" during the time of her stroke. She relies on testimony that "I hadn't had a stroke before and I thought that the medication had made me have a stroke, so it was something that I had done," as evidence that she did not, and had no reason to, make a connection between her stroke and the medication she had ingested. On the contrary, the testimony is evidence of exactly what the plaintiff states: that she "thought that the medication had made me have a stroke." It is unclear under what theory or reasoning plaintiff could understand this statement to mean its opposite. The court finds that at this time, therefore, plaintiff had before her all facts necessary to support a belief -- and that in fact she did believe -- that the Dimetapp she ingested was related to her stroke.

In addition, the court finds that plaintiff was at the very latest put on notice of the alleged connection when she read the article concerning the putative link between stroke and PPA. In her response, plaintiff argues that although defendant has submitted an article from the Times Picayune dated November 7, 2001 matching the description of the article given in deposition testimony, there has been no foundation laid establishing that the article submitted is the same plaintiff claims to have read. In so arguing, however, plaintiff misconstrues which party here bears the burden of proof. Defendant has established that on its face, plaintiff's complaint states a claim on which the statute

ORDER  
Page - 3 -

of limitations has run. It is therefore now plaintiff's burden to demonstrate that she is entitled to avail herself of the discovery rule. *Lima v. Schmidt*, 595 So. 2d 624 (1992). This she has failed to do.

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. This case is dismissed.

DATED at Seattle, Washington this 9th day of November, 2006.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE